UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CRAIG H. CYPERT, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 3:13-cv-00050 |
| BROUSSARD BROTHERS, INC., *et al*, | § § | |
| Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

This Jones Act claim arises from a maritime accident on Lake Pontchartrain in Louisiana. Plaintiff Craig H. Cypert, a resident of Texas, filed suit against his immediate employers, Commercial Coating Services International, LLC and Insituform Technologies, LLC, as well as the owner of the vessel, Broussard Brothers, Inc. Defendant Broussard Brothers is a general oilfield contractor based in Louisiana. Broussard Brothers filed a motion to dismiss for lack of personal jurisdiction on the ground that it lacks "continuous and systematic general business contacts" in this forum. In the event that motion is granted, the other two Defendants seek an unopposed transfer to the Eastern District of Louisiana, where Broussard Brothers would be subject to personal jurisdiction and the parties could be joined in one case.

Having reviewed the parties' pleadings and briefing, the facts, and the law, this Court determines that it lacks general jurisdiction over Broussard Brothers. Accordingly, Broussard Brothers' motion to dismiss is **GRANTED** and the motion of the remaining Defendants to transfer the case to the Eastern District of Louisiana is **GRANTED**.

## I. BACKGROUND

On September 23, 2012, Cypert was working in Louisiana as a coating technician aboard the BB-70, a vehicle owned or operated by Broussard Brothers that was located on Lake Pontchartrain. He sustained injuries in a jeeping area by stepping on an uneven platform, which caused him to twist his body, resulting in injuries to his right knee, back, and hip. Cypert claims that these injuries resulted in physical pain, mental anguish, and other medical problems. Cypert argues that Defendants were negligent by failing to install the platform properly and that the vessel was unseaworthy.

## II. THE PERSONAL JURISDICTION MOTION

### A. Rule 12(b)(2) Burden

The plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction when a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "When the district court rules on a

motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (internal punctuation omitted) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).  The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)).  "But the court is not obligated to credit conclusory allegations, even if uncontroverted." *Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, No. H–10–1708, 2012 WL 590926, at *2 (S.D. Tex. Feb. 22, 2012) (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

  B. **The General Jurisdiction Standard**

Federal courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant and exercising such jurisdiction is consistent with due process. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004).  Because the Texas long-arm statute confers jurisdiction to the limits of due process, "the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  Federal due process permits

the exercise of personal jurisdiction over a nonresident defendant when: (1) "the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state;" and (2) "the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id*. (quoting *Wilson*, 20 F.3d at 647).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Two recent Supreme Court decisions issued on the same day highlight the substantially higher degree of contacts needed to establish general jurisdiction—which is "all-purpose" and grants a court the power "to hear any and all claims against" a party regardless where the events at issue took place—as opposed to specific jurisdiction, which is "case-linked" and grants a court only the power to hear "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Compare Goodyear Dunlop Tires Ops. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (ruling on general jurisdiction), *with J. McIntyre Mach., LTD. v. Nicastro*, 131 S. Ct. 2780, 2787–88 (2011) (ruling on specific jurisdiction).

In this case, Cypert rightly does not contend that specific jurisdiction exists over Broussard Brothers in Texas for a tort that occurred on Lake Pontchartrain, so the sole issue is general jurisdiction. A court has general jurisdiction over a

nonresident defendant "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston*, 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002).

### C. Analysis

Though Broussard Brothers appears to have more contacts with the forum state than defendants had in many cases finding no general jurisdiction, its contacts in Texas still do not rise to the level required to render it "at home" here. Information concerning Broussard Brothers' presence in this forum comes primarily from the deposition of the company's vice president of operations, Kenneth Choate, and from a company spreadsheet listing project information. That evidence shows that Broussard Brothers employs a fulltime agent for the purposes of soliciting Texas clients. Docket Entry No. 19-1 at 15, 17. At least 162 of 357 projects performed by Broussard Brothers were on behalf of clients based in Texas, and an additional 80 jobs may be attributed to Texas clients if Chevron,

McMoran, and Exxon, which have a significant Texas presence, are considered Texas based. *See* Docket Entry Nos. 19 at 2–3; 19-3. High ranking corporate officials also travel to Texas to meet with clients. Docket Entry No. 19-1 at 15–17. However, although Texas-based companies are customers for a significant percentage of Broussard Brothers' business, only three projects have actually taken place on Texas soil. *Id.* at 10. Additionally, Broussard Brothers' home office and principal place of business are not located in Texas, it does not own any property in Texas, it does not recruit Texans for employment, and it does not maintain assets in the state. Nor does it "actively seek[] work in Texas." *Id.* at 15.

One of the few Supreme Court cases addressing general jurisdiction demonstrates that these contacts do not rise to the level of the "continuous and systematic" ones required to confer general jurisdiction. *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408 (1984). In *Helicopteros*, the Supreme Court found a Colombian corporation's contacts in Texas insufficient to support an exercise of general jurisdiction over a claim involving a fatal helicopter crash in Peru. *Id.* at 418–19. The defendant in *Helicopteros* had purchased over $4 million of helicopters and equipment from a Texas company; sent its prospective pilots to Texas for training and other maintenance personnel to Texas for technical consultations; and received a check for over $5 million that was drawn upon a Texas bank. *Id.* at 411.

Broussard Brothers' contacts with Texas are in many ways similar to the defendants' forum-state contacts in *Helicopteros*. Whereas *Helicopteros* used Texas companies as a source of equipment and training, Broussard Brothers has solicited companies headquartered in Texas for oilfield projects in the gulf region, primarily in Louisiana. But, like *Helicopteros*, Broussard Brothers is not incorporated in Texas, nor does it have offices, bank accounts, business records, or real property in Texas. Indeed, out of the 242 projects that Broussard Brothers has performed for clients based in Texas, only three were actually performed in Texas. Docket Entry Nos. 19 at 2–3; 19-1 at 10; 19-3.

This poses a problem for Cypert because the general jurisdiction caselaw focuses more on where the business activity is performed than on where the clients are located. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987), illustrates this point. In *Bearry*, the plaintiffs emphasized that over $250 million worth of aircraft and other aviation products manufactured by Beech had flowed to Texas customers. *Id.* at 372. The Fifth Circuit nonetheless concluded that such a substantial volume of business with Texas customers did not establish general jurisdiction because the "negotiation, completion, and performance of all contracts [took place] in Kansas." *Id*. at 376.

Although many of the contracts in this case may have been negotiated in Texas,[1] other cases demonstrate that where the contracts are performed is the more salient consideration. This Court has previously held that "out-of-state work performed for a Texas business, even if accounting for ten to fifteen percent of Defendant's revenue, cannot possibly give rise, by itself, to general jurisdiction." *LeBlanc v. Patton-Tully Trans., LLC*, 138 F. Supp. 2d 817, 819 (S.D. Tex. 2001). Although the percentage of work performed for Texas businesses is higher in this case, approaching 50%, the principle remains that "general jurisdiction analysis does not focus on whether [the defendant] had continuous and systematic contact with a domiciliary of the forum state, but [on] whether [the defendant] had continuous and systematic contact with the forum state." *D & S Turbine Int'l, Inc. v. Research Mgmt. Sys., L.C.*, No. H-05-2158, 2006 WL 287971, at *4 (S.D. Tex. Feb. 6, 2006). "Contracting with a Texas business when the performance of the contract occurs out-of-state does not constitute systematically and continuously doing business in Texas." *Id*. (citing *LeBlanc*, 138 F. Supp. 2d at 817). Therefore, although many of Broussard Brothers' clients are likely "at home" in Texas and thus subject to general jurisdiction here, Broussard Brothers is not based merely on its contractual relationships with those Texas entities. *Goodyear*, 131 S. Ct. at

---

[1] Though the record is not clear whether all of the contracts with Texas-based clients were negotiated in Texas, the Court will assume they were given that Broussard Brothers had a fulltime salesman in Texas.

2851. Broussard Brothers' motion to dismiss for lack of personal jurisdiction is therefore granted.[2]

## II. MOTION TO TRANSFER VENUE

In light of the dismissal of Broussard Brothers on personal jurisdiction grounds, the Court turns to Commercial Coating Services and Insituform Technologies' unopposed request to transfer venue to the Eastern District of Louisiana. Because this request is unopposed and the convenience factors strongly favor the Eastern District of Louisiana, the Court will only briefly address the section 1404 analysis. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (listing private and public interest factors).

As an initial matter, the Court finds that Cypert's claim could have originally been filed in the Eastern District of Louisiana: a substantial part of the events giving rise to the claim occurred there, thus rendering venue proper under section 1391(b)(2). With respect to the convenience factors, although a number of them such as sources of proof and convenience of witnesses favor transfer, the Court

---

[2] At the scheduling conference, Cypert's counsel asked the Court to transfer the case to the Eastern District of Louisiana, where Broussard Brothers concedes it is subject to personal jurisdiction, in the event general jurisdiction was found to be lacking in Texas. However, the ruling that Broussard Brothers is not subject to this Court's power prevents the Court from transferring the case with Broussard Brothers as a party. *See, e.g.*, *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 668 (E.D. Tex. 2007) (citing *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999)). As discussed below, however, the Court can and will transfer the case against the remaining defendants. Once transferred, Cypert can seek to file an amended complaint adding Broussard Brothers back into the case.

addresses only two in detail. First, the case arises from an injury sustained in Louisiana on a boat owned by a Louisiana company, giving the Eastern District of Louisiana a strong local interest in the lawsuit. Second, this dispute would be resolved in a far more efficient manner if all Defendants were sued together a single lawsuit. This is possible in the Eastern District of Louisiana, but no longer possible in this Court because of the personal jurisdiction ruling. The Court will therefore transfer the case with the remaining Defendants to the Eastern District of Louisiana.

## V. CONCLUSION

Cypert has not established general jurisdiction over Broussard Brothers in Texas. Accordingly, Broussard Brothers' Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 9) is **GRANTED.** Because the parties would be forced to litigate in separate courts otherwise and because other convenience factors support transfer, Commercial Coating Services and Insituform's Unopposed Motion to Transfer Venue (Docket Entry No. 21) is **GRANTED**. This case will proceed in the Eastern District of Louisiana.

**IT IS SO ORDERED.**

**SIGNED** this 9th day of July, 2013.

_____
Gregg Costa
United States District Judge